LDA

# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

## COMPLAINT

RALPH BELLEVILLE :

v. :

UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and CARL C. HUBER IN HIS CAPACITY AS TRUSTEE, JOSEPH T. HANSEN IN HIS CAPACITY AS TRUSTEE, ROBERT PETRONELLA IN HIS CAPACITY AS TRUSTEE , JAMES B. JERELE IN HIS CAPACITY AS TRUSTEE, DAVID BLITZSTEIN IN HIS CAPACITY AS TRUSTEE, ROBERT VAUGHN IN HIS CAPACITY AS TRUSTEE, WALTER BLAKE IN HIS CAPACITY AS TRUSTEE, GEORGE MARSHALL IN HIS CAPACITY AS TRUSTEE, WILLIAM M. VAUGHN IN HIS CAPACITY AS TRUSTEE, WILLARD J. CARLSON IN HIS CAPACITY AS TRUSTEE, STEPHEN T. BROWN IN HIS CAPACITY AS TRUSTEE and DELLA WALL IN HER CAPACITY AS TRUSTEE. :

CA 07 384S

C.A. No.:

JURY TRIAL DEMANDED

Now comes Plaintiff Ralph Belleville to allege as follows:

Parties

1. Plaintiff Ralph Belleville is a citizen of the State of Rhode Island residing at 43 Vine Street, Woonsocket, Rhode Island 02895.

2. Defendant United Food & Commercial Workers International Union-Industry Pension Fund, (the "Pension Fund") upon information and belief, has a principal place of business at 303 East Ohio Street, Suite 2600, Chicago, Illinois 60611 where it administers the pension plan for First National Stores which covered the Plaintiff.

3. The Pension Fund, upon information and belief, is managed by the individually named Trustees - Defendants Carl C. Huber, Joseph T. Hansen, Robert Petronella, James B. Jerele, David Blitzstein, Robert Vaughn, Walter Blake, George Marshall, William M. Vaughn, Willard J. Carlson, Stephen T. Brown and Della Wall.

<u>Jurisdiction and Venue</u>

4. The jurisdiction of this court is invoked pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1000-1461 and 28 U.S.C. §§ 1331, based on a federal question, and 1332, based on diversity of citizenship.

5. Venue is proper in this District in that the Plaintiff is found here and the acts complained of occurred in this District.

6. The Defendants conduct business in the State of Rhode Island and have sufficient minimum contacts in this jurisdiction.

7. The amount in controversy exceeds $75,000.00.

<u>Background</u>

8. Plaintiff Ralph Belleville, age 82, was employed as a supermarket worker by First National Stores from 1948-1972.

9. First National Stores operated a company pension for its employees until approximately 1952 or 1953 when retirement benefits for its employees were taken over by the Defendants and/or their predecessor.

10. Plaintiff Belleville was covered by the Defendants' Pension Fund until 1972 when he became totally and permanently disabled due to a back injury at work.

11. Plaintiff Belleville did not receive his pension, however, until 2003 when he was provided a lump sum of approximately $61,000.00 without interest.

12. For 31 years Defendants had the use of Plaintiff Belleville's Pension Funds but failed and refused to pay interest to him despite repeated requests.

13. The delay of 31 years in paying Plaintiff Belleville his pension was caused by the Defendants' wrongful rejection of his application at least three times, as well as Defendants' failure to properly and timely request information they deemed necessary to complete their review of the Plaintiff's application.

14. Defendants in 2003 determined that Plaintiff Belleville was entitled to $158.18 per month retroactive to August 1, 1972 which Defendants paid him in a lump sum.

15. Plaintiff Belleville incurred income tax expenses of $13,427.00 on the lump sum payment in 2003 at a time when his only other source of income was Social Security.

16. Plaintiff Belleville has properly appealed adverse decisions by the Defendants regarding payment of interest to him and has thus has exhausted his administrative remedies and any contractual pre-suit obligations.

**COUNT I**
**EQUITABLE RELIEF UNDER 29 U.S.C. § 1132(a)(3)**

17. Plaintiff restates and incorporates paragraphs 1 through 16 as if fully set forth herein.

18. As part of their responsibilities to the employees of First National Stores, Defendants had discretionary control over the retirement plan that covered the Plaintiff. Therefore, Defendants were fiduciaries to the Plan and the Plaintiff with a high duty of care and loyalty to ensure proper payments to eligible members.

19. By refusing to pay Plaintiff interest on his pension for the 31-year delay in awarding him this earned benefit, the Defendants breached their fiduciary duty to the Plaintiff and have had use of the Plaintiff's pension funds which constitutes a benefit conferred on one party by another party.

20. Defendants had appreciation or knowledge of the benefit.

21. Defendants' retention of the benefit under such circumstances makes it an inequitable for then to retain the benefit without the payment of its value.

22. Plaintiff was further damaged by payment in the form of a taxable lump sum rather than the scheduled monthly annuity of $158.18 which would have kept the Plaintiff below the threshold for taxation.

23. Defendants' acts and omissions were the direct and proximate cause of material delays in awarding Plaintiff Belleville his pension.

WHEREFORE, Plaintiff Ralph Belleville hereby demands judgment against Defendants for violation of 29 U.S.C.§§ 1132(a)(3) and (a)(1)(B), and an award of interest on $61,000.00 at the prevailing rates between 1972 and 2003, and reimbursement of $13,427.00 for income taxes unnecessarily incurred, attorneys' fees pursuant to 29 U.S.C. §§1132(g)(1), plus any additional relief this Court deems just.

## COUNT II
## UNJUST ENRICHMENT

24. Plaintiff restates and incorporates paragraphs 1 through 23 as if fully set forth herein.

25. Defendants have retained the economic benefit of Plaintiff's pension funds for a period 31 years.

26. This benefit constitutes unjust enrichment of the Defendants at the expense of the Plaintiff who has never received interest on his pension funds notwithstanding the 31-year delay in payment.

27. The Defendants knowingly retained this benefit without compensation to the Plaintiff.

28. It is grossly inequitable for the Defendants to retain the beneficial use of these funds for 31 years without payment of interest to the Plaintiff.

WHEREFORE, Plaintiff Ralph Belleville hereby demands judgment against Defendants for violation of 29 U.S.C.§ 1132(a)(3) and (a)(1)(B), and an award of interest on $61,000.00 at the prevailing rates between 1972 and 2003, and reimbursement of $13,427.00 for income taxes unnecessarily incurred, attorneys' fees pursuant to 29 U.S.C. §1132(g)(1) plus any additional relief this Court deems just.

## COUNT III
## BREACH OF CONTRACT

29. Plaintiff restates and incorporates paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff and Defendants were parties to a pension contract.

31. Plaintiff Belleville paid dues to the Defendants while he was employed by First National Stores.

32. Plaintiff Belleville met his contractual obligations under the pension plan.

33. Defendants' breached their obligation to pay Plaintiff Belleville $158.18 per month commencing after his disability in 1972.

34. Defendant's 31-year delay in paying the Defendant without interest and paying him in a lump sum violated the pension contract between parties.

35. As a result of these breaches, Plaintiff Belleville was damaged.

WHEREFORE, Plaintiff Ralph Belleville hereby demands judgment against Defendants for violation of 29 U.S.C. §§1132(a)(3) and (a)(1)(B), and an award of interest on $61,000.00 at the prevailing rates between 1972 and 2003, and reimbursement of $13,427.00 for income taxes unnecessarily incurred, attorneys' fees pursuant to 29 U.S.C. §1132 (g)(1) plus any additional relief this Court deems just.

PLAINTIFF DEMANDS TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.

Respectfully submitted,
Plaintiff Ralph Belleville
By his Attorney,

Harris K. Weiner, Esquire # 3779
321 South Main Street, Suite 302
Providence, Rhode Island 02903
Office: (401) 351-8200
Facsimile: (401) 351-9032