UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RALPH BELLEVILLE,

v.

Case No. CA-07-384

UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION INDUSTRY PENSION FUND and CARL C. HUBER, JOSEPH T. HANSEN, ROBERT PETRONELLA, JAMES B. JERELE, DAVID BLITZSTEIN, ROBERT VAUGHN, WALTER BLAKE, GEORGE MARSHALL, WILLIAM M. VAUGHN, WILLARD J. CARLSON, STEPHEN T. BROWN, and DELLA WALL, IN THEIR CAPACITIES AS TRUSTEES,

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(6)**

Defendants, United Food & Commercial Workers International Union Industry Pension Fund (the "Fund"), and certain members of the Fund's Board of Trustees,[1] (the

[1] Plaintiff named the following individuals as Defendant-Trustees: Carl Huber, Joseph Hansen, Robert Petronella, James Jerele, David Blitzstein, Robert Vaughn, Walter Blake, George Marshall, William Vaughn, Willard Carlson, Stephen Brown and Della Wall. While some of these individuals currently serve as Trustees, others do not, and certain names appear to be misspelled. It is also not clear from the allegations contained in the complaint the time period for which Plaintiff alleges that fiduciary breaches occurred. To the extent Defendants' motion to dismiss is not granted, at least as to the Trustees, Defendants will confer with Plaintiff to amend the individual Trustees named in the caption as needed.

"Trustees"), (collectively, with the Fund, the "Defendants"), by their attorneys, submit this memorandum in support of their motion to dismiss the complaint.

## FACTUAL BACKGROUND AND SUMMARY OF ARGUMENT

For purposes of this motion to dismiss, the allegations of the complaint are taken as true – even though Defendants dispute many of the allegations and note that numerous key facts are pointedly not pled in the complaint. Although the factual allegations are vague, the complaint may be fairly summarized as follows: first, Plaintiff alleges that he did not receive interest on benefits paid by the Fund in April 2003, retroactive to 1972, (Compl. ¶¶ 10-14); and second, Plaintiff complains that the payment of his benefit in a lump sum caused him to incur tax liabilities that he otherwise would not have had if the benefit was paid as a monthly annuity. (Compl. ¶¶ 15, 22.) Notably absent from the complaint are any allegations that either of these two things violate any specific term of the plan documents governing the Fund or any specific provision of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff purports to bring three distinct causes of action – the first of which is brought for violation of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The remaining two counts allege common law claims for unjust enrichment and breach of contract. Confusingly, Plaintiff demands relief pursuant to ERISA § 502(a)(3) and ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) for each of his claims, including those brought under common law.

Even taking the allegations of the complaint as well-pleaded, the Court should dismiss all counts in this action: Plaintiff's common law claims are preempted by ERISA; Plaintiff's vague allegations do not support a breach of fiduciary duty claim, and in any event, the allegations contained in the complaint do not establish that Plaintiff

seeks appropriate equitable relief rather than individual money damages not allowable under ERISA; to the extent Plaintiff alleges a claim pursuant to ERISA § 502(a)(1)(B), he has failed to allege any facts showing that he has been denied a benefit under the terms of the governing plan documents; and Plaintiff's jury demand should be struck as it is well-established that ERISA does not afford a right to a jury trial, particularly, where, as here, the only possible claim is one for equitable relief.

## ARGUMENT

### I. STANDARD OF REVIEW.

In ruling upon a motion to dismiss brought pursuant to Rule 12(b)(6), the Court must accept as true all facts alleged in the complaint, and all reasonable inferences must be drawn in plaintiff's favor. *Aybar v. Crispin-Reyes*, 118 F.3d 10, 13 (1st Cir. 1997). While a Court should not grant a motion to dismiss unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts, "[m]inimal requirements are not tantamount to nonexistent requirements." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). "[B]ald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation" are insufficient. *See United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). Thus, the Court may "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." *Chongris v. Bd. of Appeals*, 811 F.3d 36, 37 (1st Cir. 1987) (citations and quotations omitted).

## II. PLAINTIFF'S STATE LAW CLAIMS CONTAINED IN COUNTS TWO AND THREE OF THE COMPLAINT ARE PREEMPTED BY ERISA.

Counts Two and Three, for unjust enrichment and breach of contract, respectively, should be dismissed as preempted by ERISA.

ERISA is a comprehensive statute designed to "federalize" the law of employee benefits, and its broad preemption provisions preclude state and common law claims that "relate to" benefits plans. ERISA § 514(a) provides that "the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." The United States Supreme Court, the First Circuit Court of Appeals, and this Court have all held that ERISA's preemption provisions bar all state law claims, theories and causes of action, however styled. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) ("The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA."); *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 51 (1st Cir. 2000) (ERISA preempts attempts to provide state remedies for claims under an employee benefit plan); *Turner v. Fallon Cmty. Health Plan, Inc.*, 127 F.3d 196, 199-200 (1st Cir. 1997) (same); *Morris v. Highmark Life Ins. Co.*, 255 F.Supp. 2d 16, 22-23 (D.R.I. 2003) (finding state claims preempted and recognizing the United States Supreme Court's guidance that "the express pre-emption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern.") (citations and quotations omitted); *see also Andrews-*

*Clarke v. Lucent Techs., Inc.*, 157 F. Supp. 2d 93, 104 (D. Mass. 2001) (recognizing that preemption occurs regardless of the common or state law causes of action asserted).

Given ERISA's broad preemption provision, the First Circuit has stated that ERISA preemption analysis involves the following two central questions: "(1) whether the plan at issue is an 'employee benefit plan' and (2) whether the cause of action 'relates to' this employee benefit plan." *McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 36 (1st Cir. 1998).

Here, there can be no question that the Fund is an "employee benefit plan" under ERISA § 3(1). (Compl. ¶¶ 2-4, 9-10.) Further, Plaintiff's claims relate to the ERISA plan. Plaintiff has alleged that he was covered by a pension plan, (Compl. ¶¶ 1, 10), and has claimed that the Trustees breached fiduciary duties owed under ERISA. (Compl. ¶¶ 18-19.) Plaintiff seeks to force the Fund to pay interest on benefits that he claims the Fund wrongly delayed in providing to him under the terms of the governing plan documents, (Compl. ¶¶ 12-13, 19, 25-26, 34), and that he be paid damages for taxes he allegedly incurred because of the lump sum payment he did receive. (Compl. ¶¶14-15, 22). Plaintiff invokes this Court's jurisdiction pursuant to ERISA, (Compl. ¶ 4), and purports to seek relief pursuant to ERISA §§ 502(a)(3) and 502(a)(1)(B). Plaintiff's claims relate to an employee benefit plan and, therefore, fall under ERISA's express preemption clause. Courts have routinely dismissed state and common law claims on preemption grounds that, like Plaintiff's here, stem from a plan's denial of a sought benefit or claimed breach of fiduciary duty, including claims styled as a breach of contract or for unjust enrichment. *See, e.g., Harris v. Harvard Pilgrim Health Care*, 208 F.3d 274, 281 (1st Cir. 2000) (claim preempted where court would have to consult

ERISA plan to resolve plaintiff's claim); *Morris*, 255 F. Supp. 2d at 27 (finding that plaintiff's breach of contract claim was preempted by ERISA); *Joyce v. John Hancock Fin. Servs., Inc.*, 462 F. Supp. 2d 192, 211 (D. Mass. 2006) (finding that ERISA preempted plaintiff's claim for unjust enrichment).

Plaintiff's common law claims are preempted for the additional reason that ERISA § 502(a) provides the exclusive remedy for the type of claims alleged in the complaint. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990). State law claims which fall within ERISA's civil enforcement scheme will be preempted. *See Turner*, 127 F.3d at 198 (finding that plaintiff's state law claims that a plan beneficiary "has been denied the rights and benefits due under the policy or has suffered a breach of . . .fiduciary duty in the withholding of those benefits" were preempted since ERISA provides its own remedy to secure benefits and does not provide for compensatory damages) (citation and quotations omitted).

Based upon these authorities, Counts Two and Three of the complaint are preempted by ERISA, and the Court should dismiss Plaintiff's state claims for unjust enrichment and breach of contract as a matter of law.

## III. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER ERISA.

Count One should be dismissed because Plaintiff has failed to allege facts sufficient to support a claim for fiduciary breach, has not alleged how he seeks relief allowable under ERISA, and indeed, his allegations indicate that he actually seeks money damages, not "appropriate equitable relief" under ERISA § 502(a)(3). Moreover, to the extent Plaintiff purports to assert any claim under ERISA § 502(a)(1)(B), he has failed to plead facts in support of such a claim or to seek relief allowable under ERISA.

Plaintiff has not pled facts sufficient to support any sort of breach of fiduciary duty claim. His allegations, fairly summed up, are nothing more than the following: that the Trustees are fiduciaries of the Fund, owed Plaintiff a duty of care and loyalty to ensure proper payments to eligible members, and that their refusal to pay him interest on benefits awarded and to pay his benefit as a monthly annuity rather than in a lump sum so that he could avoid tax consequences is a breach of their fiduciary duties. (Compl. ¶¶ 18-19, 22.) But Plaintiff does not allege that interest may be paid under the plan documents governing the Fund, or that the plan documents permit payment of benefits awarded retroactively in the form of a monthly annuity. Furthermore, Plaintiff's vague and conclusory allegations that Defendants breached fiduciary duties are insufficient to state a claim, and Count One should be dismissed as a matter of law.

Plaintiff's ERISA claim fails for the additional reason that to the extent Plaintiff has pled facts sufficient to support a claim for fiduciary breach under ERISA, he seeks remedies not available under ERISA § 502(a). Plaintiff cannot sustain an individual claim for breach of fiduciary duty under ERISA. The only situations in which a plaintiff may bring a claim against a fiduciary are: (1) on behalf of the plan, *see Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 144 (1985); or (2) when appropriate equitable relief is sought. *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). Here, Plaintiff seeks individual damages. Thus, he cannot maintain his claim for breach of fiduciary duty under ERISA against Defendants unless he seeks only appropriate equitable relief. ERISA § 502(a)(3) allows for a plan participant "to obtain appropriate equitable relief (i) to redress [ ] violations [of ERISA] or (ii) to enforce any provisions of [ERISA] or the terms of the plan." Under its plain language, ERISA § 502(a)(3) requires

that the relief sought must be (1) appropriate; (2) equitable in nature; and (3) predicated on either violation of ERISA or the enforcement of a plan provision or an ERISA provision. The First Circuit, citing the Supreme Court's decision in *Mertens v. Hewitt Associates,* 508 U.S. 248 (1993), has reaffirmed that section 502(a)(3) of ERISA authorizes only equitable relief. *See Armstrong v. Jefferson Smurfit Corp.,* 30 F.3d 11, 13 (1st Cir. 1994) (compensatory legal damages do not fall within the appropriate equitable relief provided by section 502(a)(3)).

While the First Circuit has held that prejudgment interest may be awarded in certain circumstances in ERISA cases, that decision predates two decisions by the United States Supreme Court relating to the scope of appropriate equitable relief under ERISA § 502(a)(3) – *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) and *Sereboff v. Mid Atlantic Medical Services, Inc.*, 126 S. Ct. 1869 (2006). *See Cottrill v. Sparrow, Johnson & Ursillo, Inc.* 100 F.3d 220, 223 (1st Cir. 1996).[2] In both *Great-West* and *Sereboff*, the Supreme Court recognized that restitution was typically available in equity where the funds at issue had been specifically identified, were still in the defendant's possession, and that the plaintiff was entitled to them under the plan's terms. In *Sereboff*, the Supreme Court observed that restitution might be appropriate where plaintiff sought a "constructive trust or equitable lien on a specifically identified fund."

---

[2] The First Circuit recently cited its prior decision in *Cotrill* that a district court has broad discretion to determine whether to award prejudgment interest. *See Radford Trust v. First Unum Life Ins. Co. of America*, 491 F.3d 21, 23-24 (1st Cir. 2007). However, the only question presented to the *Radford* court was "the date on which the postjudgment interest on an award of benefits would begin, and the effect of this determination on the court's discretionary decision to award prejudgment interest." The issue of whether the *Great-West* and *Sereboff* decisions affect the availability of an award of interest in ERISA cases in does not appear to have been presented to the court, and the Supreme Court cases are nowhere discussed within the *Radford* decision.

Although Plaintiff captions his claim as one for "Equitable Relief under 29 U.S.C. § 1132(a)(3)," Plaintiff's only nod at alleging facts to support a claim under ERISA § 502(a)(3) is to conclude, as to the payment of interest, that "Defendants' retention of the benefit under such circumstances makes it [ ] inequitable for them to retain the benefit without the payment of its value." (Compl. ¶ 21.) Nowhere does Plaintiff allege that payment of interest would be appropriate, offer any facts as to why the payment of interest is equitable in nature, allege that the funds at issue are specifically identifiable, seek a constructive trust or equitable lien, or identify any provision of the plan documents or ERISA that have been violated by the non-payment of interest to Plaintiff or the payment of a retroactive benefit in lump-sum form.

Plaintiff's claim for relief under ERISA for money damages equal to the tax liability allegedly incurred by him following payment of the benefits in a lump sum fails to state a claim for the additional reason that Plaintiff does not even pretend to allege that payment of an amount equal to the tax liability he incurred on the lump sum is an appropriate equitable remedy; Plaintiff alleges only that he was "further damaged by payment in the form of a taxable lump sum rather than the scheduled monthly annuity," and demands "reimbursement" of money "for income taxes unnecessarily incurred." (Compl. ¶ 22.) Even if the payment of benefits in a lump sum resulting in tax consequences for Plaintiff could constitute a fiduciary breach, Plaintiff would not be eligible for relief because the payment of money damages equivalent to Plaintiff's tax liability is not equitable relief. *See Farr v. U.S. West Commcns., Inc.*, 151 F.3d 908, 916 (9th Cir. 1998) (concluding that plaintiffs may not recover tax benefit losses under ERISA § 502(a)(3) because lost tax benefits are extra-contractual and thus do not fall

within "other appropriate relief" available under ERISA § 502 even though the result left plaintiffs without a remedy for defendant's alleged breach of fiduciary duty). In addition to the pleading failures identified above, Plaintiff's claim stemming from the tax liability fails to state a claim and seeks a remedy not allowable under ERISA § 502(a)(3).

Finally, to the extent Plaintiff purports to advance a claim under ERISA § 502(a)(1)(B),[3] Plaintiff has not pled facts to support a claim for violation of ERISA § 502(a)(1)(B) because he does not allege that the plan documents governing the Fund provide for either the payment of interest on benefits or that benefits awarded retroactively must be offered as an annuity rather than paid as a lump sum. ERISA § 502(a)(1)(B) permits plan beneficiaries to compel recovery of specific benefits due under the terms of a plan. Because Plaintiff has not identified any specific benefit due to him under the terms of the plan documents, the complaint fails to state a claim for benefits under ERISA § 502(a)(1)(B).

For these reasons, Defendants request that the Court dismiss Count One of the complaint in its entirety for failure to state a claim for which relief may be granted.

## IV. PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL.

Plaintiff demands a trial by jury, asserting that "all issues are so triable." Plaintiff's common-law claims are preempted; if Plaintiff can state any claim at all, it is one brought pursuant to the civil enforcement provisions of ERISA § 502(a). Here, ERISA § 502(a) entitles Plaintiff only to equitable relief and, consequently, forecloses jury determination of the issues.

[3] Plaintiff does not style any of his Counts as a claim for benefits under ERISA § 502(a)(1)(B); however, in each of his "wherefore" clauses, Plaintiff "demands judgment against Defendants for violation of 29 U.S.C. § 1132(a)(1)(B)."

Although the First Circuit has not definitely addressed the question of whether ERISA ever permits a trial by jury, it has recognized that all other Circuit Courts of Appeals to have considered the issue, have uniformly held that actions to recover pension benefits under ERISA § 502 are equitable in nature, based on the common law of trusts and the conduct of the trustee. *See Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 27 n. 4 (1st Cir. 2003) (citing, *e.g.*, *Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1258 (2d Cir. 1996); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323-24 (5th Cir. 1994), cert. denied, 514 U.S. 1066, 561 (1995); *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649-50 (3d Cir. 1990), cert. denied, 498 U.S. 811 (1990). Further, in *Recupero v. New England Telephone & Telegraph Co.*, 118 F.3d 820, 831-32 (1st Cir. 1997), the First Circuit found that ERISA does not afford a jury trial to a claimant bringing an action for benefits pursuant to ERISA § 502(a)(1)(B).

Courts within the First Circuit have addressed this issue and concluded that actions brought pursuant to the civil enforcement scheme of ERISA preclude plaintiffs from having their claims tried to a jury. *See, e.g., Vartanian v. Monsanto Co.*, 880 F.Supp. 63, 72 (D. Mass. 1995) (citing cases). In *Vartanian*, the district court held that plaintiffs were not entitled to a jury trial because the allegations regarding breach of fiduciary duty was "most certainly an equitable claim," making a jury trial unavailable under ERISA. The *Vartanian* court further recognized that the only remedy afforded by ERISA would be an equitable one. *Id.* at 71-72. ("A determination as to whether the Seventh Amendment provides ERISA plaintiffs a jury trial requires inquiry into the remedy sought, not the nature of the action."). Because the only relief Plaintiff may be entitled to under ERISA (if it is concluded that the award he seeks constitutes

"appropriate equitable relief" under ERISA), the only issues to be tried are, in essence, equitable. *Id.* (citing *Charlton Memorial Hospital v. Foxboro Co.*, 818 F. Supp. 456, 460 (D. Mass. 1993). Accordingly, to the extent Plaintiff can state a claim for appropriate equitable relief under ERISA, such a claim must be tried to the Court, not a jury, and Plaintiff's jury demand should be struck.

## CONCLUSION

For the reasons set forth above, Defendants request that the Court dismiss the complaint in its entirety, and strike Plaintiff's request for a jury trial.

Dated this 26th day of November, 2007.

The Defendants,
United Food & Commercial Workers
International Union Industry Pension Fund,
By their Attorneys,

/s/ Sheri L. Pizzi

Sheri L. Pizzi
R.I. Bar No. 5720
Christian B. W. Stephens
R.I. Bar No. 7537
Taylor, Duane, Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
401.273.7171
401.273.2904 – Fax

## CERTIFICATE OF SERVICE

I, Sheri L. Pizzi, hereby certify that on November 26, 2007, I mailed a copy of the Defendants' Memorandum of Law in Support of Their Motion to Dismiss by regular mail, postage prepaid, to:

Harris Weiner, Esq.
Law Office of Jeffrey B. Pine, PC
321 S. Main Street, Suite 302
Providence, RI 02903

Sara Huck, Esq.
Reinhart Law
1000 North Water Street
P.O. Box 2965
Milwaukee, WI 53201-2965

/s/ Sheri L. Pizzi

Sheri L. Pizzi