**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RALPH BELLEVILLE | : | |
| v. | : | |
| UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and CARL C. HUBER IN HIS CAPACITY AS TRUSTEE, JOSEPH T. HANSEN IN HIS CAPACITY AS TRUSTEE, ROBERT PETRONELLA IN HIS CAPACITY AS TRUSTEE , JAMES B. JERELE IN HIS CAPACITY AS TRUSTEE, DAVID BLITZSTEIN IN HIS CAPACITY AS TRUSTEE, ROBERT VAUGHN IN HIS CAPACITY AS TRUSTEE, WALTER BLAKE IN HIS CAPACITY AS TRUSTEE, GEORGE MARSHALL IN HIS CAPACITY AS TRUSTEE, WILLIAM M. VAUGHN IN HIS CAPACITY AS TRUSTEE, WILLARD J. CARLSON IN HIS CAPACITY AS TRUSTEE, STEPHEN T. BROWN IN HIS CAPACITY AS TRUSTEE and DELLA WALL IN HER CAPACITY AS TRUSTEE. | : | C.A. No.:07-384S |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF PLAINTIFF RALPH BELLEVILLE TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

**INTRODUCTION**

Now comes Plaintiff Ralph Belleville to object to Defendants' Rule 12(b)(6) Motion to Dismiss his Complaint which sounds in equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA") Section 502(a)(3), 29 U.S.C. 1132(a)(3) (COUNT I); Unjust Enrichment

(COUNT II); and Breach of Contract (COUNT III). Mr. Belleville seeks prejudgment interest for Defendants' thirty-one year delay in paying his disability benefits under his retirement plan administered by them.

Plaintiff was a covered employee under Defendants' predecessor pension plan. *(Complaint at paragraphs 9-10).* Mr. Belleville became totally disabled in 1972. *(Complaint at paragraph 10).* He was denied his pension benefits until he received a lump sum payment without interest in 2003. *(Complaint at paragraph 11).* Defendants had the use of Mr. Belleville's unpaid benefits for thirty-one years and were unjustly enriched thereby. *(Complaint at paragraph 12).*

Defendants in their Motion to Dismiss argue that ERISA preempts Plaintiff's common law claims of unjust enrichment and breach of contract and that his claim for prejudgment interest under ERISA is not a cognizable claim. Therefore, according to the Defendants' reasoning, Plaintiff has no remedy in State or Federal court for the loss of his benefits for this extraordinary delay.

**LEGAL DISCUSSION**

**PREJUDGMENT INTEREST**

Both ERISA and federal case law have failed squarely to address or resolve the issue of prejudgment interest. However, when the federal statute upon which an action is based is silent on the question, an order of prejudgment interest is committed to the sound discretion of the District Court. *Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 223 (1st Cir. 1996); Coliseum Cartage Co. vs. Rubbermaid Statesville, Inc., 975 F. 2d 1022 (4th Cir. 1992); Mendez vs. Teachers Ins. & Annuity Ass'n & College Ret. Equities Fund, 789 F. Supp. 139 (S.D.N.Y.) F.2d, 982 F. 2d 783 (2nd Cir. 1992).*

That discretion is guided by the following considerations; (1) the need to compensate the wronged party fully for the loss suffered, (2) considerations of fairness and the relative of equities of the award, (3) the remedial purpose of the statute at issue, and (4) such other general principles as are deemed relevant by the court. *Wickham Contracting Co. vs. Local Union No. 3 Int'l. Bhd. of Elec., 955 F. 2d. 831 (2nd Cir.), cert. denied, 506 U.S. 946 (1992).* In determining whether to award prejudgment interest, "a persuasive consideration is the relative equities between the beneficiaries of the obligation and those upon whom it had been imposed." *Frank Music Corp. vs. Metro-Goldwyn-Mayer, Inc.*, 886 F. 2d 1545, 1551 (9th Cir. 1989) *cert. denied*, 949 U.S. 1017 (1990); See also, *Rivera vs. Benefit Trust Life Ins. Co.*, 921 F. 2d 692 (7th Cir. 1991) (The presumption in favor of an award of prejudgment interest is specifically applicable in ERISA cases). Courts have generally awarded prejudgment interest in cases in which a plan participant has been wrongfully denied his or her pension benefits. *Rivera.*

Delay alone can be sufficient to justify an award of prejudgment interest. See *Fotta vs. Trustees of United Mine Workers of America Am. Health & Ret. Fund*, 165 F. 3d 209 (3rd Cir. 1998) (holding that under the doctrine of unjust enrichment, interest on delayed benefits from an employer's disability insurance program was recoverable under ERISA Section 502(a)(3) if the delay amounted to a breach of fiduciary duty and the interest earned by the plan on the money that it should have paid to the Plaintiff in disability payments was retained by the plan); *Dependahli vs. Falstaff Brewing Corp.*, 653 F. 2d 1208 (8th Cir.) (affirming an award of prejudgment interest because the employer had the use of the money during the period of wrongfully withheld benefits), *cert. denied*, 454 U.S. 968 (1981); *Algie vs. RCA Global Communications*, Inc., 891 F. Supp. 875 (F.D.N.Y. 1994), *aff'd*, 60 F.3d 956 (2nd Cir. 1995).

Additionally, prejudgment interest is compensatory, not punitive, in nature and wrongdoing by Defendant is not a prerequisite to an award.

An award of prejudgment interest is not an extracontractual remedy found under ERISA, but rather an independent cause of action for interest on delayed payments and benefits. Fotta vs. Trustees of United Mine Workers of America AM. Health & Ret. Fund, 165 F. 3d 209 (3rd Cir. 1998); See also, Hizer vs. General Motors Corp., Allison Gas Turbine Division, 88 F. Supp. 1453 (S.D. Ind. 1995) (expressly rejecting the contention that awarding interest is an extracontractual remedy).

The Second Circuit has held that prejudgment interest is "make whole relief" and is permissible as "equitable relief." Strom vs. Goldman, Sachs & Co., 202 F.3d 138 (2nd Cir. 1999) See also, Claire vs. Harris Trust & Sav. Bank, 190 F. 3d 495 (7th Cir. 1999) *cert denied*, 528 U.S. 1157 (2000). "Not all monetary relief is damages. Equity sometimes awards monetary relief, or the equivalent, and restitution is both a legal and equitable remedy that is monetary yet is distinct from damages." Id.

An award of interest to make the Plaintiff whole by eliminating the effect of a Defendants' breach of fiduciary duty constitutes "appropriate equitable relief" under ERISA Section 502(a)(3). Dunnigan vs. Metropolitan Life Ins. Co., 277 F. 3d 223 (2nd Cir. 2002). The *Dunnigan* Court also ruled that an award of such relief was available in the absence of an allegation or showing that the Defendant acted in bad faith. Id. *at 223.*

Defendants' misplaced reliance on two First Circuit decisions, Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220 (1996) and Radford Trust v. First Unum Life Ins. Co. of Amer., 491

F.3d 21 (2007) actually supports the Plaintiff. Both underscore the District Court's discretion regarding prejudgment interest, noting that such decisions are reversible only for an abuse of discretion where the trial judge indulges in a serious lapse of judgment. Both cases involve a subsidiary issue concerning timing of ERISA-related interest. Cottrill addressed the accrual date for prejudgment interest and Radford dealt with the accrual date of postjudgment interest where liability was established but damages were not. Under these rulings, the District Court, guided by equitable considerations, has broad discretion not only to make an award of prejudgment interest in ERISA claims, but to determine the parameters of such an award concerning accrual dates and interest rates.

Defendants' reliance on two United States Supreme Court cases concerning restitution under ERISA is also unhelpful to their position. In *Great-West Life & Annuity Ins. Co. v. Knudsen, 534 U.S. 204 (2002)* and *Sereboff v. Mid Atlantic Medical Services, Inc., 126 S.Ct. 1869 (2006)* ERISA plans brought actions to recover funds received by beneficiaries from third-party tortfeasors. The cases involved car accidents resulting in personal injuries for which plans paid for medical treatment. Under contract provisions the plans then sought reimbursement from the victims and their attorneys from the proceeds of the lawsuits. Thus, these ERISA claims involved personal liability, outside sources of funds and attempts at restitution to recover specific dollar amounts paid. The *Great-West* Court denied recovery because the plan was never in possession of the third-party payments which was a prerequisite to equitable relief. Great-West's claim was purely legal and not cognizable under ERISA. The *Sereboff* Court found that the plan indeed was entitled to equitable relief because the disputed funds were identifiable and within beneficiaries' possession and control. These decisions are not instructive in the present case.

In the controversy at bar, the interest sought is neither a specific past due monetary obligation nor conventional contract damages. It represents a remedy that is primarily, if not wholly, equitable in nature to restore to the Plaintiff property that the Defendants have possessed, controlled, enjoyed or wasted. To require segregation and perfected liens is, in the real world, an invitation for abuse by fiduciaries.

Here, the 31-month delay by the Defendants in determining Mr. Belleville's eligibility is *prima facie* evidence of breach of fiduciary duty. It is established that a fiduciary is required to act with loyalty and prudence in favor of a plan's participants. *Evans v. Bexley, 750 F.2d 1498 (11th Cir. 1985).* The duties owed by a fiduciary to plan participants and beneficiaries are "the highest known to the law." *Donovan v. Brierwirth, 680 F.2d 263, 272 n. 8 (2nd Cir.), cert. denied, 459 U.S. 1069 (1982)* . Defendants failed to meet these standards with regard to Mr. Belleville.

The standard of review for plan fiduciaries is whether their denial of benefits was arbitrary and capricious. *Skretvedt v. E.I. Dupont de Nemours & Co., 268 F3d 167 (3rd Cir. 2001).* A series of denials over several decades together with a denial of interest and a punitive method of payment paints a picture of capriciousness and appears arbitrary as well. Consequently, this dispute presents a classic case where an individual plan participant has properly brought an action against the plan's fiduciaries for equitable relief. *Varity Corp. v. Howe, 516 U.S. 489 (1996).* This is consonant with ERISA's broad remedial relief purpose under the "other appropriate equitable relief" clause of Section 502 (a)(3).

## STANDARD OF REVIEW

Defendants correctly state that "ruling upon a motion to dismiss brought pursuant to Rule 12 (b)(6), the Court must accept as true all facts alleged in the Complaint, and all reasonable

inferences must be drawn in Plaintiff's favor." *Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997).* Defendants further references to "vituperation" and "opprobrious epithets" are wholly inappropriate in the current dispute.

## COUNTS II AND III OF THE COMPLAINT

Plaintiff's claim for complete relief under its Count I allegations pursuant to Section 502 (a)(3) of ERISA does not foreclose his alternative pleadings for state common law causes of action. Count II seeks redress for unjust enrichment which is an equitable remedy. Count III alleges breach of contract which is a legal claim. This Court's equitable powers clearly embrace remedies for unjust enrichment. The contract claim, which goes to the performance of the fiduciaries, is likewise within the powers of this Court to decide. Moreover, Count III differs from the remainder of the Complaint in that it seeks monetary relief. The Rules of Civil Procedure allow alternative pleading, which protects the Plaintiff's rights at the earliest stages of litigation before discovery and responsive pleadings are exchanged. These counts should remain undisturbed at this stage in the proceedings.

## FACTUAL BACKGROUND

The facts alleged in the Plaintiff's Complaint clearly set forth the predicates for the causes of action pled. Plaintiff Ralph Belleville, age 82, was employed as a supermarket worker at First National Stores from 1948-1972. *(Complaint at paragraph 8).* First National Stores operated a company pension for its employees until approximately 1952 and 1953 when retirement benefits for its employees were taken over by the Defendants and by their predecessor. *(Complaint at paragraph 9).* Plaintiff Belleville was covered by the Defendants' pension fund up until 1972 when he became totally and permanently disabled due a back injury at work. *(Complaint at paragraph 10).* Plaintiff Belleville did not receive his pension, however, until 2003 when he was

provided a lump sum of approximately $61,000.00 without interest. *(Complaint at paragraph 11).* For thirty-one (31) years Defendants had the use of Plaintiff Belleville's pension fund but refused to pay interest to him despite repeated requests. *(Complaint at paragraph 12).* The delay of thirty-one years in paying Plaintiff Belleville's his pension was caused by the Defendants' wrongful rejection of his application at least three times, as well as Defendants' failure to properly and timely request information deemed necessary to complete their review of the Plaintiff's application. *(Complaint at paragraph 13).*

Defendants in 2003 determined that Plaintiff Belleville was entitled to $158.18 per month retroactive to August 1, 1972 which Defendants paid him in a lump sum in 2003. *(Complaint at paragraph 14).* Plaintiff Belleville incurred income tax expenses of $13,427.00 on the lump sum payment in 2003 at a time when his only other source of income was Social Security benefits. *(Complaint at paragraph 15).* Plaintiff Belleville has properly appealed all adverse decisions by the Defendants regarding payment of interest earned and thus has exhausted his administrative remedies and any contractual pre-suit obligations. *(Complaint at paragraph 16).*

These are not complicated facts. The gravamen of the Complaint is that Defendants had the use of Plaintiff's pension benefits for thirty-one years. Plaintiff's unpaid interest may have been invested in stocks, bonds, and real estate by the pension, or used for union salaries or expenses, or paid to other pensioners, but it is undisputed that Defendants had the economic benefit of Plaintiff's grossly delayed payment. It is illogical to suggest that these funds must have been segregated and retained for the Plaintiff to assert an equitable remedy that encompasses return of Plaintiff's lost property.

It is also disingenuous for the Defendants to require the Plaintiff to identify specific provisions of the plan documents prior to discovery of the various pension documents going back to 1952. Plaintiff filed this action upon information and belief that the governing contracts were silent on the subject of prejudgment interest which is corroborated by Defendants' present motion and memorandum.

**TAX LIABILITY CAUSE BY DEFENDANTS'**

Plaintiff Belleville is living on a fixed income and social security benefits at the time of his lump sum distribution in 2003. That distribution of approximately $61,000.00 cause Mr. Belleville to incur income tax liability of $13,427.00 which he would not have incurred if he had been paid the annuity of $158.18 per month as it was contracted for between 1952-1972. Thus, Defendants method of payment caused injury to the Plaintiff which could have been avoided if the disability had properly been acknowledge at the time when Mr. Belleville stopped working in 1972 and the annuity had been implemented. Without discovery, the Plaintiff does not know whether the contract documents allow the Defendants to make the lump sum distribution or whether another election is available to Mr. Belleville. Moreover, the Court in its equitable jurisdiction should be able to consider conduct regarding the delays, denials and punitive method of payment by the Defendants in fashioning an appropriate remedy. This tax liability exceeded Mr. Belleville's annual income and should be subject to equitable consideration and relief. Even if the tax paid is not *per se* recoverable under a damages theory, it should prominently be factored into the Court's interest analysis and balancing of the equities.

**PLAINTIFF'S RIGHT TO JURY TRIAL**

The Seventh Amendment to the United States Constitution states, in relevant part: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved." Therefore, a litigant has a right to a jury trial where there exists a cause

of action at common law, or one analogous thereto, for legal relief if the amount in controversy exceeds twenty dollars. *Tull v. United States, 481 U.S. 412 (1987).* Under this constitutional provision, Plaintiff's claim for breach of contract qualifies for a jury trial.

There is also authority for the proposition that jury trials are available for certain actions under ERISA. ERISA claims are analogous to contract actions which are generally fact-intensive disputes that are quintessential jury issues. *Ingersoll-Rand Co. v. McClendon, 498 U.S. 1033 (1990)*. The right to a jury trial exists for COBRA claims on the ground that claims for benefits are essentially contract claims. *McDonald v. Artcraft Elec. Supply Co., 1074 F. Supp. 29 (D.C. 1991)*. Mr. Belleville's procedural odyssey, including three administrative appeals and denials of his benefits, should be heard by a jury that will consider the conduct and performance of the Defendants and whether their behavior toward him amounted to a breach of contract or a breach of fiduciary duty.

To the extent that Mr. Belleville's claims are reduced to purely equitable actions, he submits his case to the sound discretion of the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff Ralph Belleville respectfully requests that this Court deny Defendants' Rule 12(b)(6) Motion.

Respectfully submitted,

/s/Harris K. Weiner
Harris K. Weiner, Esq. #3779
321 South Main Street, Suite 302
Providence, Rhode Island 02903
Office: (401) 351-8200
Facsimile: (401) 351-9032

**CERTIFICATION**

I, the undersigned, hereby certify that on this 18th day of January 2008, a true copy of the foregoing was mailed, postage prepaid, to the attorney(s) of record listed below.

/s/Harris K. Weiner

Sara Huck, Esq.
Reinhart Law
1000 North Water Street
P.O. Box 2965
Milwaukee, WI 53201-2965

Sheri L. Pizzi, Esq.
Christian B.W. Stephens, Esq.
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903