UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RALPH BELLEVILLE | : | |
| | : | |
| v. | : | C.A. No. 07-384S |
| | : | |
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION INDUSTRY PENSION FUND, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Defendants' (collectively the "UFCW Pension Fund") Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Document No. 6). Plaintiff objects. (Document No. 9). This Motion has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Neither the UFCW Pension Fund nor Plaintiff have requested oral argument on this Motion (LR Cv 7(e)), and I have determined that argument is not necessary to resolve the legal issues presented by this Motion.

**Standard of Review**

In ruling on a motion to dismiss pursuant to Rule 12(b), the Court construes the complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). If under any theory the allegations

are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. See Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995). The Court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Arruda, 310 F.3d at 18 ("[W]e will affirm a Rule 12(b)(6) dismissal only if 'the factual averments do not justify recovery on some theory adumbrated in the complaint.'").

**Facts**

Applying the applicable standard of review, the following facts are accepted as true for the purpose of resolving this legal challenge to Plaintiff's Complaint.

Plaintiff was employed as a supermarket worker by First National Stores from 1948 to 1972. Plaintiff is eighty-two years old. Plaintiff was "covered by" the UFCW Pension Fund in 1972 when he became totally and permanently disabled due to a work-related back injury. In 2003, the UFCW Pension Fund awarded a pension of $158.18 per month to Plaintiff retroactive to August 1, 1972. Plaintiff asserts that this thirty-one year delay was "caused by the [UFCW Pension Fund's] wrongful rejection of his application at least three times, as well as [their] failure to properly and timely request information they deemed necessary to complete their review of Plaintiff's application." (Document No. 1, ¶ 13).

Plaintiff is not challenging the amount of the pension voluntarily awarded to him by the UFCW Pension Fund. Rather, Plaintiff alleges that the UFCW Pension Fund improperly retained the "economic benefit" of his pension for thirty-one years and seeks payment of interest on the unpaid pension from 1972 to 2003. Plaintiff also alleges that his only other source of income is

Social Security and that the payment of the pension in a $61,000.00 lump sum caused him to "unnecessarily" incur $13,427.00 in income taxes. In other words, if the pension had been timely paid in monthly installments over the years, Plaintiff would not have had sufficient annual income to trigger income tax liability. Id., ¶ 22. Plaintiff asserts he filed this action "upon information and belief" that the Plan documents are silent on the issue of prejudgment interest but represents that he has not yet engaged in discovery of the Plan documents "going back to 1952." (Document No. 9-2 at 9).

**Discussion**

Plaintiff's Complaint alleges three related claims arising out of these facts. All three counts seek the same relief, i.e., an award of interest, reimbursement of "unnecessary" income taxes and attorneys' fees. Although Plaintiff alternatively identifies his claim as one for "equitable relief," "unjust enrichment" and "breach of contract," he only seeks relief under the Employee Retirement Security Act of 1974 ("ERISA"). In particular, Plaintiff seeks relief only under Section 502 of ERISA. See 29 U.S.C. §§ 1132(a)(1)(B), (a)(3) and (g)(1). The UFCW Pension Fund contends that Plaintiff's Complaint should be dismissed in its entirety because: (1) his common law claims of "unjust enrichment," Count II, and "breach of contract," Count III, are preempted by ERISA;[1] (2) his vague allegations do not support a breach of fiduciary duty claim; (3) he seeks "individual money damages not allowable under ERISA;" and (4) he does not state a claim for unpaid benefits under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

[1] I do not need to address Defendants' ERISA preemption argument, as Plaintiff's Complaint does not allege any state common law claims. As noted above, all three Counts of Plaintiff's Complaint seek the exact same damages "for violation of 29 U.S.C. § 1132(a)(3) and (a)(1)(B)." See Document No. 1 at 4-5. Thus, there are no state law claims plead by Plaintiff but only three alternate theories of recovery under ERISA.

The fundamental issue presented in this case is whether a beneficiary who has obtained benefits due under an ERISA-regulated pension plan after substantial delay, but without the necessity of resorting to a lawsuit to recover such benefits, has a cause of action under ERISA for "pre-recovery" interest and other relief. Although the First Circuit has held that a District Judge "may grant prejudgment interest in its discretion" to prevailing parties in ERISA-benefit actions, Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 223 (1st Cir. 1996), it has not directly addressed the issue in the context of a "delayed benefits" case such as this, i.e., one in which benefits are delayed but ultimately paid out voluntarily by the plan.

**A. Section 502(a)(3) of ERISA**

Count I of Plaintiff's Complaint seeks "equitable relief" under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Section 502(a)(3) permits a beneficiary to sue "for other appropriate equitable relief...to enforce any provisions of this subchapter or the terms of the plan." The Supreme Court has described this section of ERISA as a "catchall" that acts as a "safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." Varity Corp. v. Howe, 516 U.S. 489, 512 (1996).

Although my research (and the parties' memoranda) have not identified any First Circuit decisions on point, several other Circuits have recognized a cause of action for interest on delayed benefits claims. For instance, in Fotta v. Tr. of the United Mine Workers of Am., Health and Ret. Fund, 165 F.3d 209, 210-211 (3rd Cir. 1998), a disability pension beneficiary was injured at work and rendered disabled in 1984. After considerable delay, the pension fund trustees granted disability benefits to the beneficiary with a 1993 effective date. Later, the trustees amended the effective date to 1984 and the beneficiary received a $21,600.00 lump sum for payment of "back" benefits for the

period 1984 to 1993. As in this case, the beneficiary requested interest on the lump-sum payment, and the trustees rejected the request.

In Fotta, the Third Circuit, facing an issue of first impression for it, recognized a cause of action under these circumstances to recover interest on "delayed benefits" under § 502(a)(3) of ERISA. Id. at 214. The Third Circuit noted that it was established that pre-judgment interest may be awarded to a prevailing beneficiary who sued for plan benefits, and reasoned that the "principles justifying prejudgment interest also justify an award of interest where benefits are delayed but paid without the beneficiary's having obtained a judgment." Id. at 212. It described the remedy as "equitable in nature" and "subject to equitable defenses such as laches." Id. at 214. Although it further described the remedy as "an exercise of judicial discretion," it held that interest is "presumptively appropriate when ERISA benefits have been delayed." Id.[2]

Other Circuit Courts have reached the same conclusion. See Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1007 (8th Cir. 2004) ("If interest is an appropriate remedy under § 1132(a)(3)(B) to avoid unjust enrichment of a plan provider who wrongfully delays the payment of benefits, the award is appropriate whether a judgment [for payment of the benefits] is obtained or not."); Dunnigan v. Metro. Life Ins. Co., 277 F.3d 223 (2nd Cir. 2002); and Clair v. Harris Trust and Sav. Bank, 190 F.3d 495 (7th Cir. 1999).

I agree with the sound reasoning of these Courts of Appeals and recommend that this Court follow their lead and recognize a cause of action under § 502(a)(3) for an equitable award of interest

[2] In 2003, the Third Circuit clarified in Fotta II that the beneficiary must prove that his payments were "wrongfully withheld" to establish entitlement to recover "delayed benefits" interest. Fotta v. Tr. of United Mine Workers of Am., 319 F.3d 612, 616 (3rd Cir. 2003). Further, in 2004, the Third Circuit reexamined its holding in Fotta in light of the Supreme Court's 2002 holding in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002). See Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193 (3rd Cir. 2004). It held that a claim for "delayed benefits" interest was not precluded by Knudson because such interest was a form of "equitable restitution." Id. at 212.

where benefits are delayed but paid without the beneficiary obtaining a judgment. Since the District Court may grant prejudgment interest to a prevailing beneficiary in an ERISA action (Cottrill, 100 F.3d 220), it would be anomalous to deny the same opportunity to a beneficiary who obtains contested or delayed benefits without litigating the dispute to judgment. The same principle of restitution is present in both situations. "A late payment of benefits effectively deprives the beneficiary of the time value of his or her money whether or not the beneficiary secured the overdue benefits through a judgment as the result of ERISA litigation." Fotta, 165 F.3d at 212.

**B. Section 502(a)(1)(B) of ERISA**

Plaintiff also seeks relief under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Section 502(a)(1)(B) permits a beneficiary to sue to recover benefits due under the terms of a plan, to enforce rights under such terms, or to clarify rights to future benefits. In other words, "only benefits specified in the plan can be recovered in a suit under Section 502(a)(1)(B)." Clair, 190 F.3d at 497 (citations omitted).

As noted above, Plaintiff asserts that he "filed this action upon information and belief that the governing contracts were silent on the subject of prejudgment interest." (Document No. 9-2 at 9). However, Plaintiff alleges in Count III (breach of contract) that the "31-year delay in paying the [Plaintiff] without interest and paying him in a lump sum violated the pension contract between [the] parties." (Document No. 1 at ¶ 34). Plaintiff also contends that it is "disingenuous for the Defendants to require the Plaintiff to identify specific provisions of the plan documents prior to discovery of the various pension documents going back to 1952." (Document No. 9-2 at 9).

Since Plaintiff's Complaint alleges that the UFCW Pension Fund's delayed payment of his pension in a lump sum "without interest" "violated the pension contract," Plaintiff states a claim for

benefits or rights specified in a plan which is a cognizable claim under Section 502(a)(1)(B) of ERISA. The issue of whether or not Plaintiff has evidence, or obtains evidence in discovery, to support his claim under Section 502(a)(1)(B) is not presently before the Court. See Fed. R. Civ. P. 56. Count III of Plaintiff's Complaint states a viable claim under Section 502(a)(1)(B) of ERISA.

**C. Income Tax Damages**

The UFCW Pension Fund also argues that Plaintiff's claimed income tax damages are extracontractual damages not recoverable under ERISA. Plaintiff does not directly address this argument. Again, my research (and the parties' memoranda) have not identified any First Circuit decisions on point. However, in Armstrong v. Jefferson Smurfit Corp., 30 F.3d 11, 13 n.5 (1st Cir. 1994), the First Circuit, in dicta, described such a claim under ERISA as "highly dubious" since the tax payments in dispute were completely distinct from any "ill-gotten profits which might properly be made subject to a viable restitution claim." See also Glencoe v. TIAA, 232 F.3d 887 (4th Cir. 2000) (per curiam) (claim for extra tax burden is one for "extracontractual damages" prohibited under ERISA); and Farr v. U.S. West Comm'ns, Inc., 151 F.3d 908, 916 (9th Cir. 1998) ("binding precedent compels us to conclude that Plaintiffs may not recover their tax benefit losses under" ERISA). Further, in Skretvedt, 372 F.3d 193, 204 n.15, an ERISA beneficiary sought damages for the "increased tax liability" he incurred because his delayed benefits were paid in a single tax year. The Third Circuit found that this damages claim was "no more than an ordinary claim for [compensatory] money damages" not recoverable as equitable relief under ERISA. Id. Applying this precedent, I conclude that Plaintiff's claim for income tax "reimbursement" is not cognizable under § 502 of ERISA and recommend that Plaintiff's prayer for such compensatory damages in Counts I, II and III be DISMISSED.

**D. Jury Trial**

Finally, the UFCW Pension Fund moves to strike Plaintiff's jury trial demand. It contends that it is well-established that ERISA does not afford a right to a jury trial, particularly in a case such as this involving claims for equitable relief. Plaintiff counters that "a litigant has a right to a jury trial where there exists a cause of action at common law, or one analogous thereto, for legal relief." (Document No. 9-2 at 10). However, Plaintiff also states that to the extent his claims are "reduced to purely equitable actions, he submits his case to the sound discretion of the Court." Id.

As noted above, Plaintiff's Complaint does not allege any state common law claims and only makes claims for equitable relief under ERISA. Accordingly, I conclude that Plaintiff is not entitled to a trial by jury and recommend that the Court strike Plaintiff's jury trial demand. See Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 24 n.4 (1st Cir. 2003) (holding in dicta that a jury trial is not available for claims under ERISA); and Canis v. Coca-Cola Enter., Inc., 49 F. Supp. 2d 73, 79 n.3 (D.R.I. 1999) ("[t]his Court has long considered it settled that a plaintiff in an ERISA case is not entitled to a jury trial.").

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Document No. 6) be DENIED. I also recommend that Counts I and II of Plaintiff's Complaint be construed to state claims for equitable relief (interest and attorneys' fees) under 29 U.S.C. §§ 1132(a)(3) and (g)(1) and Count III be construed to state a claim for equitable relief (interest and attorneys' fees) under 29 U.S.C. §§ 1132(a)(1)(B) and (g)(1). I also recommend that Plaintiff's claim for income tax reimbursement be DISMISSED and his jury trial demand be stricken.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 31, 2008