**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

---

RALPH BELLEVILLE,

Plaintiff,

v.

UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION INDUSTRY PENSION FUND and CARL C. HUBER, JOSEPH T. HANSEN, ROBERT PETRONELLA, JAMES B. JERELE, DAVID BLITZSTEIN, ROBERT VAUGHN, WALTER BLAKE, GEORGE MARSHALL, WILLIAM M. VAUGHN, WILLARD J. CARLSON, STEPHEN T. BROWN, and DELLA WALL, IN THEIR CAPACITIES AS TRUSTEES,

Defendants.

Case No. CA-07-384-S

---

**ANSWER OF DEFENDANTS, UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION INDUSTRY PENSION FUND AND ITS NAMED TRUSTEES, TO THE COMPLAINT OF PLAINTIFF, RALPH BELLEVILLE**

---

Defendants, the United Food and Commercial Workers International Union Industry Pension Fund (the "Fund"), and certain individuals who are alleged to be members of the Fund's Board of Trustees and are being sued in that capacity (collectively, the "Fund"), by their attorneys, for their answer in this matter, admit, deny and otherwise state as follows:

## Parties

1. Upon information and belief, the Fund admits the allegations contained in paragraph 1.

2. The Fund denies the allegations contained in paragraph 2. Further answering, the Fund denies that it has a "principal place of business," and affirmatively alleges that it is a defined benefit "employee pension benefit plan" as that term is defined by the Employee Retirement Income Security Act of 1974 ("ERISA") § (3)(2)(A), 29 U.S.C. § 1002(2)(A), and has its administration offices located at P.O. Box 11102, Chicago, Illinois 60611-0102. The Fund affirmatively alleges that First National Stores is or was an employer which made contributions to the Fund on behalf of union members pursuant to the terms contained in collective bargaining agreements entered into between the employers and the bargaining unions. Further answering, the Fund affirmatively alleges that plaintiff was, at certain times, employed by First National Stores, was a member in a participating union, and that First National Stores made contributions to the Fund on behalf of plaintiff.

3. The Fund denies the allegations contained in paragraph 3. The Fund affirmatively alleges that a Board of Trustees for the Fund serves as plan administrator of the Fund.

## Jurisdiction and Venue

4. The Fund admits that plaintiff has brought this action pursuant to ERISA, and 28 U.S.C. §§ 1331 and 1332.

5. The Fund admits that venue is proper in this Court because the Plaintiff is located here, but denies the remainder of the allegations contained in paragraph 5.

6. The Fund denies the allegations contained in paragraph 6.

7. The Fund is without knowledge or information sufficient to state a belief as to the truth of the allegations contained in paragraph 7, and therefore denies them.

**Parties**

8. The Fund is without knowledge or information sufficient to state a belief as to the truth of the allegations that plaintiff was "employed as a supermarket worker by First National Stores from 1948-1972," and therefore denies those allegations. The Fund affirmatively alleges, upon information and belief, that First National Stores made employer contributions on behalf of plaintiff during the years 1948-1973. The Fund admits that plaintiff is currently age 82.

9. The Fund is without knowledge or information sufficient to state a belief as to the truth of the allegations contained in paragraph 9, and therefore denies them.

10. The Fund denies the allegations contained in paragraph 10 and incorporates by reference its response to paragraph 8.

11. The Fund admits that the Fund made a lump sum disability pension benefit payment of $61,235.47 to plaintiff in 2003, admits the Fund had not made disability pension benefit payments to plaintiff before that time, and admits that the lump sum disability benefit payment did not include interest. The Fund denies the remaining allegations contained in paragraph 11.

12. The Fund admits that it has denied plaintiff's request for the payment of interest on the lump sum disability pension benefit payment made to plaintiff in 2003 and denies the remaining allegations contained in paragraph 12.

13. The Fund denies the allegations contained in paragraph 13.

14. The Fund admits the allegations contained in paragraph 14.

15. The Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 15, and therefore denies them. Further answering, the Fund affirmatively alleges that the Court dismissed plaintiff's claim for income tax reimbursement in its February 28, 2008 Order.

16. The Fund admits that plaintiff has exhausted his administrative remedies relating to the payment of interest on the lump sum disability pension benefit payment made to plaintiff in 2003, and denies the remaining allegations contained in paragraph 16.

**COUNT I – EQUITABLE RELIEF UNDER 29 U.S.C. § 1132(a)(3)**

17. The Fund incorporates by reference its responses to paragraphs 1-16 as if fully set forth herein.

18. The Fund denies the allegations contained in paragraph 18.

19. The Fund denies the allegations contained in paragraph 19.

20. The Fund denies the allegations contained in paragraph 20.

21. The Fund denies the allegations contained in paragraph 21.

22. The Fund denies the allegations contained in paragraph 22. Further answering, the Fund affirmatively alleges that the Court dismissed plaintiff's claim for income tax reimbursement in its February 28, 2008 Order.

23. The Fund denies the allegations contained in paragraph 23.

Further answering, the Fund denies that plaintiff is entitled to any of the relief he seeks in the "Wherefore" clause following paragraph 23 of the complaint.

**COUNT II – UNJUST ENRICHMENT**

24. The Fund incorporates by reference its responses to paragraphs 1-23 as if fully set forth herein.

25. The Fund denies the allegations contained in paragraph 25.

26. The Fund denies the allegations contained in paragraph 26.

27. The Fund denies the allegations contained in paragraph 27.

28. The Fund denies the allegations contained in paragraph 28.

Further answering, the Fund denies that plaintiff is entitled to any of the relief he seeks in the "Wherefore" clause following paragraph 28 of the complaint.

**COUNT III – BREACH OF CONTRACT**

29. The Fund incorporates by reference its responses to paragraphs 1-28 as if fully set forth herein.

30. The Fund denies the allegations contained in paragraph 30.

31. The Fund denies the allegations contained in paragraph 31.

32. The Fund denies the allegations contained in paragraph 32.

33. The Fund denies the allegations contained in paragraph 33.

34. The Fund denies the allegations contained in paragraph 34.

35. The Fund denies the allegations contained in paragraph 35.

Further answering, the Fund denies that plaintiff is entitled to any of the relief he seeks in the "Wherefore" clause following paragraph 35 of the complaint.

**Affirmative Defenses**

1. Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff is not entitled to the interest he seeks under the governing terms and conditions of the governing Plan documents.

3. The Fund's interpretation of the terms of the governing plan documents as the amounts to be paid or not be paid to plaintiff is reasonable and proper under the terms and conditions of the plan documents, and is not arbitrary and capricious, and is entitled to deference from this Court.

4. Plaintiff's claims are barred by the applicable statute of limitations.

5. Plaintiff's claims are barred by laches.

6. Plaintiff failed to properly serve certain of the defendants.

7. Plaintiff named defendants who are not proper parties to this suit.

8. To the extent plaintiff has been damaged, plaintiff failed to mitigate his damages.

WHEREFORE, the Fund requests the Court to:

A. Enter judgment in favor of the Fund by dismissing the Complaint in this action;

B. Award the Fund cost and reasonable attorneys' fees related to this action;

C. Grant other relief as the Court deems fair and appropriate.

Dated this 13th day of March, 2008.

Respectfully Submitted,
The Defendants,
UNITED FOOD AND COMMERCIAL
WORKERS INTERNATIONAL UNION
INDUSTRY PENSION FUND and its
named TRUSTEES,
By Their Attorneys,

/s/ Christian B.W. Stephens
Sheri L. Pizzi
R.I. Bar No. 4945
spizzi@taylorduane.com
Christian B.W. Stephens
R.I. Bar No. 7537
cstephens@taylorduane.com
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904 (FAX)

Sarah A. Huck, *pro hac vice*
Philip O'Brien, *pro hac vice*
Reinhart Boerner Van Deuren, S.C.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202
(414) 298-1000
(414) 298-8097 (FAX)

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and accurate copy of the foregoing document was served via electronic notice (CM/ECF) to:

**Harris K. Weiner, Esq.**
Law Offices of Jeffrey B. Pine Esq.
321 South Main Street, Suite 302
Providence, RI 02903
hkw@pinelaw.com

on March 13, 2008.

/s/ Christian B.W. Stephens
Christian B.W. Stephens

312205 MW\1509306